IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| United States *ex rel.* ) | |
| ) | |
| MARCUS CALTON, ) | |
| Relator, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE PROCTER & GAMBLE COMPANY, ) | |
| KAZ, INCORPORATED, KAZ USA, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Relator, MARCUS CALTON ("Relator"), for his Complaint against Defendants THE PROCTER & GAMBLE COMPANY ("P&G"), KAZ, INCORPORATED ("Kaz, Inc.") and KAZ USA, INC. ("Kaz USA"), (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. As set forth in detail below, Defendants have violated 35 U.S.C. § 292(a) by marking certain products with patent numbers of expired patents, and, upon information and belief, by marking products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, by advertising products as "patented" when the products are not covered or protected by any patent, by marking products with numbers that

1

do not correspond to any patent, and by marking products with patents having a scope which does not cover the marked products. Defendants committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

## THE PARTIES

3. Relator is an individual residing in Jefferson County, Alabama.

4. Defendant P&G is an Ohio corporation with its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202.

5. P&G's registered agent for service of process is CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

6. Defendant Kaz, Inc. is a New York corporation with its principal place of business at 250 Turnpike Road, Southborough, Massachusetts 01772.

7. Kaz, Inc.'s registered agent for service of process is William Davis, 250 Turnpike Road, Southborough, Massachusetts 01772.

8. Defendant Kaz USA is a Massachusetts corporation with its principal place of business at 250 Turnpike Road, Southborough, Massachusetts 01772.

9. Kaz USA's registered agent for service of process is CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because, at least in part, Defendants' products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

12. Relator brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## GENERAL ALLEGATIONS

13. Defendants are consumer products companies that offer varying lines of products sold throughout the United States and elsewhere.

14. Defendants have in the past manufactured and marketed (or caused to be manufactured and marketed) and/or presently manufacture and market (or cause to be manufactured or marketed) consumer products for sale to the general consuming public under the Braun brand, including the ThermoScan® line of thermometers and similar products.

15. Around December 2006, Defendant Kaz and/or Defendant Kaz USA acquired from Defendant P&G certain brands of Braun products, including the Braun ThermoScan®, and other products, at issue in this action.

16. Defendants' ThermoScan® and other thermometer products, and such products' packaging and dress, were and are marked with United States patent number 3,195,581 ("the '581 Patent").

17. The '581 Patent expired, but Defendants nevertheless chose to continue using the improper patent markings on Braun® ThermoScan® products, and possibly other products, with the intent to deceive the public and to gain a competitive advantage in the market.

18. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent. In other words, the product is unpatented.

19. Marking products with expired patents is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products, which, in turn,

causes harm to the consuming public, including Relator, by quelling product innovation and price competition.

20. Defendants are sophisticated companies with experience applying for and obtaining patents, and therefore knows that patents do not have an indefinite duration but, rather, expire.

21. Defendants knew that the patents marked on the products identified herein were expired.

22. After the above patent expired, Defendants marked, or caused to be marked, the aforementioned products and/or packaging with the expired patent numbers.

23. Defendants knew that the patents marked on the products identified herein were expired during time periods Defendants were marking products with such expired patents.

24. Because all monopoly rights in an expired patent have terminated, Defendants cannot have any reasonable belief that the products identified herein are patented or covered by the expired patents marked on such products.

25. By marking the products identified herein with expired patents, Defendants committed numerous violations of 35 U.S.C. § 292(a).

26. Defendants committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

27. Relator seeks an award of monetary damages against Defendants, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT I: THE '581 PATENT

28. Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

29. United States patent number 3,195,581 ("the '581 Patent") (attached hereto as <u>Exhibit A</u>) was filed on August 31, 1961, and issued on July 20, 1965. The '581 Patent expired on or around July 20, 1982.

30. Defendants marketed for sale to the public a line of thermometer products under the Braun ThermoScan® brand, marked with the '581 Patent.

31. Defendants, upon information and belief, marketed for sale to the public other products marked with the '581 Patent.

32. Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the ThermoScan® products with the '581 patent, and any and all other products marked with the '581 patent, subsequent to the date the patent expired with the intent to deceive the public.

33. Upon information and belief, Defendants knew, on or about the date of expiration, that the '581 Patent had expired.

34. Defendants cannot genuinely believe that the patent applies even after it expired.

35. Defendants have falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

36. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

37. Defendants' false marking of products with the '581 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

38. Defendants wrongfully and illegally advertised a patent monopoly which they did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

## DAMAGES

39. Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from inventing or commercializing competing products.

40. Defendants' marking of its products with the numbers of expired patents, and, upon information and belief, marking with a number that does not correspond to any patent, marking with the numbers of patents which have a scope that does not cover the product, marking with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and advertising that products are "patented" when no patent protects that product as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

41. For the reasons set forth herein, and for other reasons that will later be evidenced, Defendants have wrongfully and illegally advertised patent monopolies which they did not possess and, as a result, have benefited by maintaining its substantial market share with respect to the herein described products.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests this Court, pursuant to 35 U.S.C. §292, to:

A. Enter judgment against Defendants and in favor of Relator for the violations alleged in this Complaint;

B. Order Defendants to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

    C.    Grant Relator such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: February ___, 2010

        Respectfully Submitted,

        _____
        W. LEWIS GARRISON, JR.
        Ala. Bar No. ASB-3591-N74W
        wlgarrison@hgdlawfirm.com
        TIMOTHY C. DAVIS
        Ala. Bar No. ASB-6834-D63T
        tdavis@hgdlawfirm.com
        JEFFREY P. LEONARD
        Ala. Bar No. ASB-2573-J67L
        jleonard@hgdlawfirm.com
        BRIAN HANCOCK
        Ala. Bar. No. ASB-0874-B65H
        bhancock@hgdlawfirm.com

        HENINGER GARRISON & DAVIS, LLC
        2224 1ST Avenue North
        Post Office Box 11310 (35202)
        Birmingham, Alabama 35203
        (205) 326-3336
        (205) 326-3332 (facsimile)

**SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

THE PROCTER & GAMBLE COMPANY
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

KAZ USA, INC.
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, Massachusetts 02110


KAZ, INCORPORATED
c/o WILLIAM DAVIS
250 Turnpike Road
Southborough, Massachusetts 01772